FILED
2008 Jun-25 PM 03:42
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SOLUTIA INC.; PHARMACIA CORPORATION, | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) CV 03-PWG-1345-E ) |
| McWANE, INC., a/k/a Union Foundry, M&H Valve; WALTER INDUSTRIES, INC., f/k/a US Pipe and Foundry Company, TC King Pipe and Fittings Co.; UNITED STATES PIPE AND FOUNDRY CO., INC.; US CASTINGS; MEADWESTVACO CORP., f/k/a Mead Corp., Union Foundry, Woodward Iron, Alabama Pipe Company, Lynchburg Foundry, Standard Foundry, Anniston Foundry; FMC CORP., f/k/a Kilby Steel; UNITED DEFENSE, LP; AMCAST INDUSTRIAL CORP., a/k/a Lee Brass Co.; PHELPS DODGE INDUSTRIES, INC., f/k/a Lee Brothers Co., Inc.; HALLIBURTON CO., f/k/a Dresser Industries, M&H Valve Co.; THE WALWORTH CO., f/k/a M&H Valve Co.; KILBY STEEL CO. INC.; SCIENTIFIC-ATLANTA, INC., f/k/a Southern Tool; HURON VALLEY STEEL CORP.; TULL CHEMICAL CO., INC.; CARRIER RESEARCH INC.; LEE BRASS CO., a unit of Amcast; DII INDUSTRIES, LLC; SOUTHERN TOOL CORP.; RANSOM INDUSTRIES . | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM OF OPINION**

The case is presently pending before the court on the motion of Certain Settling Defendants'[1] Motion to Amend the order entered on June 10, 2008 and to Certify Issues for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b).  (Doc. 400.)  For the reasons set forth below, the Motion to Amend and to Certify Issues for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) is **GRANTED.**  The court will enter an Amended Order contemporaneously with this Order.

The settling defendants ask the court to

> amend its June 10, 2008 Order to certify for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) the following controlling legal issues:  (1) whether a PRP [potentially responsible party,] which incurs expenses in connection with cleanup activities required by a consent decree with the government can maintain an action to recover those costs under § 107(a) of CERCLA; and (2) whether costs incurred as a result of cleanup activities required by a consent decree can be considered "voluntarily incurred" costs.

(Doc. 400 at 1-2.)

Section 1292(b) states:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order [1] involves a controlling question of law as to which there is substantial ground for difference of opinion and [2] that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b); *see McFarlin v. Conseco Services, LLC*, 381 F.3d 1251, 1264 (11th Cir. 2004)("[A]s a rule an appellate court ought to grant permission for appeal under § 1292(b)

---

[1] The Motion to Amend was filed by defendants Huron Valley Steel Corp., FMC Corp., DII Industries, McWane, Inc. (for itself and as successor by merger with Ransom Industries), MeadWestvaco Corp., U.S. Pipe and Foundry Co., Walter Industries, and  (Doc. 400 at 1.)  BAE Systems Land & Armaments is not a party to this action.  However, in a footnote, defendants state, "Effective June 24, 2005, originally named Defendant United Defense, LP merged with BAE Systems, resulting in the newly named entity."  Defendant United Defense is advised to file a Motion to Substitute.

only on (1) pure questions of law, (2) which are controlling of at least a substantial part of the case, (3) and which are specified by the district court in its order, (4) and about which there are substantial grounds for difference of opinion, (5) and whose resolution may well substantially reduce the amount of litigation necessary on remand.").

The settling defendants' first issue – Whether, as a matter of law, a PRP that incurs cleanup costs pursuant to a consent decree can seek to recover those cleanup costs pursuant to § 107 of CERCLA, 42 U.S.C. § 9607 – is a "controlling question of law as to which there is substantial ground for difference of opinion." *See* 28 U.S.C. § 1292(b). Neither the Supreme Court nor the Eleventh Circuit Court of Appeals has answered this question. Indeed, the Supreme Court specifically left the issue undecided; it noted:

> [W]e recognize that a PRP may sustain expenses pursuant to a consent decree following a suit under § 106 or § 107(a). In such a case, the PRP does not incur costs voluntarily but does not reimburse the costs of another party. ***We do not decide whether these compelled costs of response are recoverable under § 113(f), § 107(a), or both***.

*United States v. Atlantic Research*, 127 S. Ct. 2331, 2338 n.6 (2007)(emphasis added; internal citations omitted). The court finds resolution of this issue would substantially reduce the amount of litigation necessary on remand.[2] *See McFarlin*, 381 F.3d at 1264. Therefore,

---

[2]The court noted in its Memorandum Opinion that this case was appropriate for appellate review; it stated:

> The plaintiffs and the Settling Defendants would appear to benefit from a Rule 54(b) order in this action. The parties are entitled to an immediate review of the conclusions reached here in light of the unique legal issues. There appears to be no just reason to delay appellate consideration. Given the extensive costs to be incurred by all parties in this action the ruling should be reviewed expeditiously to resolve the questions of law. The court will entertain a motion to enter judgment in accordance with Rule 54(b) should the parties request such an order.

(Doc. 397 at 2 n.1.)

the court will certify the settling defendants' first issue for interlocutory appeal.

Settling defendants' Motion to Amend and to Certify Issue for Interlocutory Appeal is **GRANTED**; the court will certify settling defendants' first issue – "whether a PRP which incurs expenses in connection with cleanup activities required by the consent decree with the government can maintain an action to recover those costs under § 107(a) of CERCLA."

The settling defendants second issue – "whether costs incurred as a result of cleanup activities required by a consent decree can be considered 'voluntarily incurred' costs" – is not by definition an unsettled question of law.  The courts are unanimous in concluding that costs compelled by a consent decree are not voluntarily incurred.  The Supreme Court has said such costs are not incurred voluntarily.  *See Atlantic Research*, 127 S. Ct. at 2338 n.6 ("For instance, we recognize that a PRP may sustain expenses pursuant to a consent decree following a suit under § 106 or § 107(a).  *See, e.g., United Technologies Corp. v. Browning-Ferris Industries, Inc.*, 33 F.3d 96, 97 (C.A.1 1994).  In such a case, the PRP does not incur costs voluntarily . . . .").

The specific issue the settling defendants ask the Eleventh Circuit to decide is whether the plaintiffs' cleanup costs as relevant to this action with regard to the Anniston Lead Site, as defined in the Partial Revised Consent Decree in *United States v. Pharmacia Corp*, CV 02-C-0749-E, were voluntarily incurred.  While it is less certain that the issue involves only one of a controlling issue of law, the settling defendants' position that in the context of this case such a question is presented is persuasive and the motion is GRANTED as to issue two.

As to the foregoing it is SO ORDERED this the 25th day of June, 2008.

_____
PAUL W. GREENE
CHIEF MAGISTRATE JUDGE